**SO ORDERED.**

**SIGNED this 4th day of September, 2026.**

Mitchell L. Herren
Chief United States Bankruptcy Judge

DESIGNATED FOR ONLINE PUBLICATION
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In re:**<br>**Continental American Corporation,**<br><br>**Debtor.** | **Case No. 23-10938**<br>**Chapter 11** |
| **Sharon Stolte, as Liquidating Agent of the Continental American Corporation Liquidating Trust,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**Marvel Entertainment LLC,**<br><br>**Defendant.** | **Adv. No. 25-5078** |

**<u>Memorandum and Order Denying Motion to Dismiss (Doc. 30) and Granting Motion to Amend (Doc. 33)</u>**

In this adversary proceeding, the Liquidating Agent of a Chapter 11 liquidating trust seeks avoidance and recovery of prepetition transfers under 11

U.S.C. §§ 547(b) and 550 and disallowance of the defendant's claim under § 502.[1] The Liquidating Agent initiated the adversary proceeding with a complaint, then shortly thereafter filed an amended complaint. In the face of the defendant's motion to dismiss, the Liquidating Agent filed a motion to amend her complaint a second time. The Court denies the motion to dismiss[2] and grants the motion to amend to file a second amended complaint.[3] The adversary proceeding is in its infancy, no discovery has begun, and there is no undue delay caused by the motion to amend. In addition, the Court finds no prejudice to the defendant because of the amendment and no bad faith or dilatory motive by the Liquidating Agent and concludes the proposed amendment is not futile. As a result, the Court concludes leave should be granted for the amendment under Fed. R. Civ. P. 15(a)(2), making the motion to dismiss moot.

## I. Factual and Procedural Background

On September 22, 2023, the entity Continental American Corporation (Debtor) filed a petition under Chapter 11 of Title 11. Debtor owned and operated a multinational balloon business, directly and through subsidiaries. Debtor ceased

[1] Statutory references are to the Bankruptcy Code, title 11, unless otherwise specified. The Liquidating Agent appears by Pamela Putnam of Sandberg Phoenix & von Gontard P.C. Defendant appears by Rhett Buchmiller and Brian M. Holland of Lathrop GPM LLP.

[2] Doc. 30.

[3] Doc. 33.

operations around the petition date, and the company was subsequently sold.[4] But in the ninety days prepetition, between June 24, 2023, through September 22, 2023, Debtor "continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payments, or otherwise to various entities."[5]

About a year and a half later, on April 23, 2025, Debtor filed a First Amended Chapter 11 Plan of Reorganization and Liquidation with Liquidating Trust Agreement, which was confirmed on June 18, 2025. The confirmed plan provided a Liquidating Trust would be administered by a Liquidating Agent in her capacity as the trustee of that Liquidating Trust and provided the Liquidating Agent with the power to pursue any avoidance actions and remaining actions belonging to Debtor. On the final day of her ability to do so, September 20, 2025, the Liquidating Agent initiated this Chapter 5 action pursuant to that power conveyed to her under the confirmed plan, and shortly thereafter filed an amended complaint against Defendant Marvel Entertainment LLC solely to correct Defendant's name from "Marvel Entertainment" to "Marvel Entertainment LLC d/b/a Marvel Entertainment."

---

[4] The proposed second amended complaint, discussed below, clarifies that, rather than the company being sold, substantially all of Debtor's assets were sold. *See* Doc. 33 Ex. B p. 5 ¶ 13.

[5] Doc. 3 p. 5 ¶ 15.

The Liquidating Agent's amended complaint alleges Defendant "was, at all relevant times, a vendor or creditor to or for the Debtor."[6] The amended complaint also alleges "Debtor made transfer(s) of an interest of the Debtor's property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $21,626.66."[7] The "details" of "each" transfer are then purportedly provided in an Exhibit A to the amended complaint.[8] But those "details" are miniscule. Only a date (with no descriptor), a six-digit number (again, with no descriptor), the name "Marvel Entertainment," a "Batch Payment Control" number, and a dollar figure are given. No explanations of these data fields or the meaning of any of the data within Exhibit A are provided at all. Further, no details are given about this Defendant or its relation to Debtor.

The Liquidating Agent's amended complaint seeks to avoid all transfers of an interest of Debtor's property made by Debtor to Defendant within the 90-day prepetition period. The amended complaint states four counts: Count 1, avoidance of preferential transfers pursuant to § 547(b); Count 2, recovery of preferential transfers pursuant to § 550; Count 3, avoidance of fraudulent conveyances pursuant to § 548; and Count 4, disallowance of Defendant's claim pursuant to § 502. Regarding potential statutory defenses to the § 547(b) claim, the amended

---

[6] *Id.* p. 4 ¶ 12.

[7] *Id.* p. 5 ¶ 16.

[8] *Id.* p. 12 Ex. A.

complaint states the Liquidating Agent "sent a demand letter" and performed her own "due diligence evaluation" of potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code.[9]

Defendant was served but did not file an answer. Instead, the Liquidating Agent filed a motion and Agreed Order signed by the Liquidating Agent and Defendant's counsel, extending the time to answer the amended complaint. A second motion and Agreed Order were filed, and then a third.

On April 10, 2026, this Court issued a decision in *Stolte v. Toray Plastics (America), Inc. (In re Continental American Corp.)*,[10] an adversary proceeding filed by the same Liquidating Agent against a different defendant related to the same Debtor's case. The same "template" to initiate the adversary proceeding was used and the details recited above are nearly identical to those therein. The Court addressed a motion to dismiss, which was granted. The Court's decision has been appealed to the Bankruptcy Appellate Panel and the appeal remains pending.

In the order granting dismissal, the Court concluded the first element of the § 547(b) claim ("transfer of an interest of the debtor in property . . . to . . . a creditor") was satisfied based on allegations the transfers at issue were transfers of Debtor's property and allegations the defendant was a vendor or creditor who received

---

[9] *Id.* p. 5-6 ¶ 18.

[10] No. 23-10938, Adv. No. 25-5098, 2026 WL 994096 (Bankr. D. Kan. Apr. 10, 2026). A similar decision was issued by this Court in *Stolte v. Wells Fargo Equipment Finance, Inc. (In re Continental American Corp.)*, No. 23-10938, Adv. No. 25-5109, on the same date.

payments, applying a broad definition of the term creditor. The third element ("made while the debtor was insolvent") was addressed via § 547(f) of the Bankruptcy Code which states that a debtor is "presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." And the fourth element ("made . . . on or within 90 days before the date of the filing of the petition") was satisfied, as the dates of the payments and the dates of the preference period were given. But because the Court found the second ("for or on account of an antecedent debt owed by the debtor before such transfer was made") and fifth elements (the transfers enabled the creditor to receive more than it would in a Chapter 7 case if the transfers had not been made) were not adequately pleaded, the Court granted the motion to dismiss the § 547(b) claim and the claims derivative therefrom and the claim brought under § 548.

After five total agreed extensions of the answer deadline between December 2025 and May 2026 in this proceeding, while the parties reported they were reviewing documents and discussing resolution,[11] Defendant filed a motion to dismiss in lieu of an answer on June 5, 2026, seeking dismissal with prejudice of all counts under Fed. R. Civ. P. 12(b)(6). The Liquidating Agent responded to the motion to dismiss and stated an intention to not only withdraw the claim brought

---

[11] *See, e.g.* Doc. 25 p. 3 ¶ 15 ("Counsel for Liquidating Agent and Defendant have been in communication regarding the Amended Complaint. The Parties agree that additional time is required to review documents to evaluate the Defendant's defenses and possibly seek a resolution of this matter.").

under § 548,[12] but also argued the motion to dismiss should be denied as moot due to her simultaneous filing of a motion to file a second amended complaint. The Liquidating Agent then filed her motion, seeking leave to file a second amended complaint, which Defendant opposes.

In the proposed second amended complaint, attached to her motion, the Liquidating Agent removes the § 548 claim and makes additional proposed changes regarding the transfers. The first significant change is to the amount of the transfers at issue, from $21,626 to $63,106.66. The Liquidating Agent also adds information related to those transfers in an Amended Exhibit A. Relevant here, in the Amended Exhibit A, the Liquidating Agent adds an invoice date, a voucher/invoice number, and a paid date. In addition, the second amended complaint clarifies the transfers were made from funds held in accounts maintained by or for Debtor, were reflected in Debtor's books, bank records, and transaction history, and Debtor was legally obligated to pay the invoices and Defendant held a right to payment based on those invoices before the transfers were made. Finally, the Liquidating Agent adds that based on her review of the records, Defendant's claim against Debtor's bankruptcy estate is neither secured nor entitled to priority, Defendant is a general unsecured creditor, and Defendant would receive less than full payment in a hypothetical Chapter 7 liquidation. The proposed second amended

---

[12] Doc. 32 p. 5 ¶ 21 ("Plaintiff . . . seeks to withdraw Count III – Avoidance of Fraudulent conveyances – 11 U.S.C. § 548.").

complaint also adds new information about the Liquidating Agent's due diligence before initiating the adversary proceeding, significantly expanding on the evaluation undertaken prior to filing.

## II. Legal Standards

### A. Jurisdiction

The Court has jurisdiction over this core proceeding arising under title 11,[13] and venue is proper.[14]

### B. Avoidance of Preferential Transfers under § 547(b)

"When a debtor pays a creditor prior to filing bankruptcy, the Bankruptcy Code allows for the avoidance of such payments under certain circumstances as set forth in Section 547(b)."[15] The statute says:

> (b) . . . the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;

---

[13] 28 U.S.C. §§ 1334(b), 157(b)(1) (granting authority to bankruptcy judges to hear core proceedings), (b)(2)(F) ("proceedings to determine, avoid, or recover preferences" are core proceedings).

[14] 28 U.S.C. § 1409.

[15] *Sender v. Coney (In re Gibson)*, 675 B.R. 63, 101 (Bankr. D. Colo. 2025); *see also Bailey v. Big Sky Motors, Ltd. (In re Ogden)*, 314 F.3d 1190, 1196 (10th Cir. 2002) ("Section 547(b) of the Bankruptcy Code allows a trustee to avoid certain transfers of assets that are deemed preferential to or for the benefit of a specific creditor. This provision has a dual purpose: it prevents individual creditors from dismembering the assets of the debtor in a manner that negatively impacts other creditors, and it allows all creditors to obtain a more equitable distribution of the assets of the debtor.").

> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made--
>
> (A) on or within 90 days before the date of the filing of the petition;
>
> . . .
>
> (5) that enables such creditor to receive more than such creditor would receive if--
>
> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

"All elements of Section 547(b) must be proven before a transfer will be avoided. The absence of any one of the elements constituting a voidable preference negates the trustee's claim."[16] The Liquidating Agent will have the burden of proving each element of her preference claim.[17]

**C. Motions to Dismiss**

[16] *Gillman v. Sci. Rsch. Prods., Inc. of Del. (In re Mama D'Angelo, Inc.)*, 55 F.3d 552, 554 (10th Cir. 1995); *see also Bailey v. Hazen (In re Ogden)*, 243 B.R. 104, 110 (B.A.P. 10th Cir. 2000) ("Under § 547(b), a trustee may avoid 'any transfer of an interest of the debtor in property' if the transfer meets all of the following five criteria . . . .").

[17] § 547(g) ("the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section"); *Rocin Liquidation Est. v. UPAC (In re Rocor Int'l, Inc.)*, 380 B.R. 567, 571 (B.A.P. 10th Cir. 2007) ("Section 547(g) clearly provides that the Estate bears the burden of proving the avoidability of a transfer under § 547(b).").

Defendant's motion seeks dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[18] The same standards apply to the futility analysis for a motion to amend, discussed below, and so the Court sets out the standards here.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] In determining whether a claim is plausible, a court must "draw all reasonable inferences from the facts" in favor of the plaintiff.[21] Conclusory allegations, however, are not entitled to this assumption of truth, and threadbare recitals of the elements of a cause of action will not suffice.[22]

The burden to show that a complaint does not state a plausible claim for relief is on the party moving for dismissal under Rule 12(b)(6).[23] Determining

---

[18] Federal Rule of Civil Procedure 12(b) is applicable to adversary proceedings via Federal Rule of Bankruptcy Procedure 7012(b).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[20] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[21] *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162-63 (10th Cir. 2011)).

[22] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Brooks*, 985 F.3d at 1281 (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)).

[23] *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed.).

whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24]

**D. Motions to Amend**

The Liquidating Agent's motion seeks amendment under Fed. R. Civ. P. 15.[25] Rule 15(a)(2) is applicable to amendments to pleadings other than those permitted as a matter of course.[26] The Rule provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Per the Supreme Court, the mandate that leave should be freely granted "is to be heeded."[27] "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[28]

A "liberal amendment policy . . . does not mean that leave will be granted in all cases," however.[29] In the Tenth Circuit, courts may refuse leave to amend "only

---

[24] *Iqbal*, 556 U.S. at 679.

[25] Federal Rule of Civil Procedure 15 is applicable to adversary proceedings via Federal Rule of Bankruptcy Procedure 7015.

[26] Because the complaint has already been amended once, the complaint could not be amended under Rule 15(a)(1), which permits amendment once as a matter of course at any time before a responsive pleading is served.

[27] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[28] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Rule 15(b)(1) even permits amendment of a complaint during and after trial, if "doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."

[29] *Redmond v. CJD & Assoc., LLC (In re Brooke Corp.)*, 506 B.R. 560, 564 (Bankr. D. Kan. 2014).

on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[30]

## III. Analysis

The Court first assesses the motion to amend. As noted above, courts may refuse a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies, or futility. Defendant opposes the motion to amend on each basis, and as the party opposing amendment, has the burden to show why amendment should not be permitted.[31]

### A. Undue Delay

In the Tenth Circuit, a motion to amend may be denied where there has been "undue delay" in seeking to amend the complaint. The Circuit focuses on *undue* delay, and has stated "[e]mphasis is on the adjective: [l]ateness does not of itself justify the denial of the amendment."[32] The Tenth Circuit has also noted that "[t]he longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient

---

[30] *Duncan v. Manager, Dep't of Safety, City & Cnty of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation omitted).

[31] *Wheeler v. Bd. of Directors of Sterling Free Pub. Libr.*, No. 23-2401-EFM-ADM, 2024 WL 1720726, at *3 (D. Kan. Apr. 22, 2024) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)) ("Practically speaking, the party opposing a motion to amend bears the burden to demonstrate why the amendment should not be permitted.").

[32] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (internal quotation omitted).

reason for the court to withhold permission to amend."[33] Therefore, undue delay is not measured by time alone. Rather, "[t]he circumstances of the case must be considered."[34] The Tenth Circuit has directed that courts should focus on the reason for the delay.[35] A court properly looks at whether the litigation had progressed significantly, whether the course of the litigation would be significantly different if the proposed changes would have been made at the beginning, and whether there is undue prejudice to either party.[36]

Defendant argues there is undue delay due to the passage of time between the Liquidating Agent being appointed and the adversary proceeding being initiated and the passage of time since that initial complaint. Defendant also argues undue delay because in the Liquidating Agent's proposed second amended complaint, Defendant is identified as a creditor in part by pointing to Defendant's proof of claim, filed in November 2023, and Defendant argues the Liquidating Agent is dilatory because that information was known at the time the initial complaint was filed.

---

[33] *Id.*

[34] *Redmond v. CJD & Assoc., LLC (In re Brooke Corp.)*, 506 B.R. 560, 565 (Bankr. D. Kan. 2014).

[35] *Minter*, 451 F.3d at 1206. The Tenth Circuit noted that "Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial." *Id.* (internal quotations, alterations, and citations omitted).

[36] *In re Brooke Corp.*, 506 B.R. at 565.

The Court finds no undue delay here. First, Defendant's focus on the time that passed between the creation of the Liquidating Trust and the filing of the initial complaint is simply immaterial to the undue delay factor in this proceeding. The proponent of a Chapter 5 action has a statutory duty to diligently investigate claims prior to filing them. Further, the passage of time after the proceeding was commenced before the motion to amend was filed is also not extensive here considering the passage of time was due to the parties' *joint* requests for more time. The motion to amend was filed three weeks after the motion to dismiss was filed and at the same time the response was filed to the motion to dismiss. Defendant has not answered the complaint, no scheduling order has been entered, and no discovery has commenced.[37]

Defendant also contends there is undue delay because the Liquidating Agent should have sought amendment when this Court entered its order dismissing the Liquidating Agent's related proceedings. Even if the passage of time should be measured from the docketing of the Court's order granting the motions to dismiss in the adversary proceedings related to this Debtor's case, that was only two months

---

[37] *See, e.g.*, *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."); *Hamilton v. Citimortgage, Inc. (In re Clark)*, No. 09-41319, 2011 WL 2118272, at *2 (Bankr. D. Kan. May 24, 2011) (no undue delay for amendment under Rule 15(a)(2) when motion seeking leave to amend filed only seven days after the defendant filed its answer and discovery had not yet commenced; motion filed "within a reasonable period of time after learning" of new claim).

prior, not a lengthy amount of time. Finally, while amendment can be denied when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint,"[38] the assertion of the new allegations in the proposed second amended complaint is not untimely considering the timing of the case overall and the Court's order dismissing the two related adversary proceedings.[39] The Court finds no undue delay here.

### B. Undue Prejudice

A court can also deny a motion to amend because of undue prejudice. The Tenth Circuit has called this the "most important" factor in assessing a motion to amend.[40] The focus is on whether there will be prejudice to the defendant in "maintaining his defense" because of the amendment.[41] Prejudice is typically found

---

[38] *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir.1990) (internal quotation omitted).

[39] *See, e.g.*, *Julian v. Clearlink Ins. Agency, LLC*, No. 24-2293-KHV-RES, 2024 WL 4903804, at *2 (D. Kan. Nov. 26, 2024) ("In this Circuit, motions to amend that are denied on the basis of undue delay typically involve attempts to add new parties or claims right before trial or long after an amendment deadline has passed.") (citing *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994) ("We cannot say that the district court abused its discretion in denying this motion [to amend] because it was not made until approximately seven years after the . . . action was commenced") and *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) ("Plaintiffs' motion [to add a new party] was untimely in that it was filed four months after the court's deadline for amending pleadings.")).

[40] *Minter*, 451 F.3d at 1207.

[41] *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir. 1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . ., provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." (internal quotations omitted)).

if "the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[42] Undue prejudice can also be found when the timing of an amendment "prevents the defendant from pursuing a potentially promising line of defense."[43]

Defendant argues undue prejudice here because it has "already incurred significant legal fees" during settlement negotiations (undertaken during the period of time when the motions and Agreed Orders were filed) and in preparing and filing the motion to dismiss. But those are ordinary litigation costs, not extraordinary.[44] The Liquidating Agent is not adding new claims. She is adding more allegations to support the claims already made and removing one claim. The Court finds no undue prejudice from the amendment.

**C. Bad Faith or Dilatory Motive**

A motion to amend may also be denied if there is a showing of bad faith or dilatory motive. The bad faith "must be apparent from evidence of record."[45] Bad faith is generally "defined as dishonesty of belief, purpose or motive."[46]

---

[42] *Minter*, 451 F.3d at 1208.

[43] *Id.* p. 1209.

[44] *See, e.g.*, *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) ("[T]he expenditure of time, money, and effort alone is not grounds for a finding of prejudice.").

[45] *Steinert v. The Winn Grp., Inc.*, 190 F.R.D. 680, 685 (D. Kan. 2000).

[46] *Julian*, 2024 WL 4903804, at *2 (internal quotations omitted).

Defendant argues bad faith is shown because the amended Exhibit A included with the second amended complaint "sheds *no* light on the transfers at issue" because some of the new numbers and columns are unexplained and the Liquidating Agent has not put forth invoices to prove her case which would be "the clearest indication of the message she is trying to deliver."[47]

The Court finds no bad faith here. As one court noted, "proposed amendments that seek to clarify or explain facts asserted in an original complaint are proper."[48] The additional facts alleged in the complaint do not show bad faith. The Liquidating Agent has not made contradictory or irreconcilable statements.[49] Alleging additional facts, even after failed settlement discussions, is not bad faith.[50]

### D. Futility and Failure to Cure Deficiencies

Finally, a motion to amend may be denied based on futility. "A proposed

---

[47] Doc. 36 p. 9-10.

[48] *Genberg v. Porter*, No. 11-cv-02434-WYC-MEH, 2012 WL 1279936, at *2 (D. Colo. Apr. 13, 2012).

[49] *Id.* at *2 ("[B]ad faith may be inferred if the proposed amendments directly contradict the allegations made in the original pleading such that the original and amended factual accounts cannot be reconciled, and are made solely to circumvent a defense raised in a Rule 12(b) motion.").

[50] *Julian*, 2024 WL 4903804, at *5 ("The timing of this requested amendment, even after failed settlement discussions, does not equate to bad faith.") (citing *Wass v. NPC Int'l, Inc.*, No. 09-2254-JWL, 2010 WL 7762621, at *5 (D. Kan. Sept. 1, 2010) ("The Court agrees that plaintiffs have not shown that they recently learned facts that could not have been alleged in previous complaints, but it does not agree that such failure demonstrates bad faith by plaintiffs.").

amendment is futile if the complaint, as amended, would be subject to dismissal."[51] Therefore, the question of futility for a Rule 15(a)(2) amendment is "whether the proposed claim or defense is legally insufficient on its face. If a complaint as amended could not withstand a motion to dismiss or summary judgment, then the amendment should be denied as futile."[52] The Rule 12(b)(6) standards are used: the court "must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party" and only when "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law" should the court find the amendment futile.[53] Defendant bears the burden of showing the futility of a proposed amended complaint.[54]

---

[51] *Jefferson Cty. Sch. Dist. No. R–1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).

[52] *Redmond v. CJD & Assoc., LLC (In re Brooke Corp.)*, 506 B.R. 560, 564 (Bankr. D. Kan. 2014); *see also Flex Fin. Holding Co. v. Onebeacon Ins. Grp., LLC*, No. 15-7205-DDC-GEB, 2017 WL 3970697, at *2 ("The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *Farmers Bank & Tr., N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) ("'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'") (quoting *Jefferson Cnty Sch. Dist. No. R-1*, 175 F.3d at 859.

[53] *Flex Fin. Holding Co.*, 2017 WL 3970697, at *2 (internal quotations omitted); *see also Weingarden v. Rainstorm, Inc.*, No. 09-2530-JWL, 2012 WL 13026753, at *1 (D. Kan. July 12, 2012) ("[T]he court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff can prove no set of facts in support of her claims that would entitle her to relief.").

[54] *W&W Steel, LLC v. BSC Steel, Inc.*, No. 11-2613-RDR, 2012 WL 1828928, at *1 (D. Kan. May 18, 2012) ("The party opposing the proposed amendment bears the burden of establishing its futility.").

Defendant alleges the proposed second amended complaint is futile for three reasons: 1) because the Liquidating Agent has not provided the copies of the invoices at issue, she will not be able to prove the alleged payments were made on account of antecedent debt, as required by § 547(b)(2); 2) the allegations in the second amended complaint as to the third element of § 547(b)(3) ("made while the debtor was insolvent") are insufficient to meet the Bankruptcy Code's definition of insolvent found in § 101(32); and 3) the allegations in the second amended complaint are insufficient as to the fifth element of § 547(b)(5) (the transferee receives more than it would have received in a hypothetical Chapter 7 liquidation). To sum, Defendant challenges the second, third, and fifth elements of § 547(b) in the second amended complaint.

Regarding the second element ("for or on account of an antecedent debt owed by the debtor before such transfer was made"), the Court rejects Defendant's contention that because the Liquidating Agent has not provided copies of invoices, the second amended complaint is futile. As this Court noted in its prior decision in *Stolte v. Toray Plastics (America), Inc. (In re Continental American Corp.)*, while the phrase "antecedent debt" is not defined by the Bankruptcy Code, case law has defined it as simply requiring debt incurred prior to a transfer.[55] Debt is defined by

---

[55] 2026 WL 994096, at *4 (citing *In re Ogden*, 243 B.R. at 111 ("courts have assumed a debt to be antecedent if the debt is incurred prior to the transfer")).

the Bankruptcy Code as "liability on a claim,"[56] while a claim is defined as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."[57] Therefore, a debt is "antecedent" "if it was incurred before the allegedly preferential transfer" and the "test for when a debt is incurred is whether the debtor is legally obligated to pay."[58]

The second amended complaint identifies the debt at issue (represented by the invoices) and states what was owed by Debtor prior to the transfers made. The Amended Exhibit A attached to the second amended complaint gives an invoice date, a voucher/invoice number, and a paid date. The second amended complaint clarifies the transfers were made from funds held in accounts maintained by or for Debtor, were reflected in Debtor's books, bank records, and transaction history, and Debtor was legally obligated to pay the invoices and Defendant held a right to payment based on those invoices before the transfers were made. Assessing futility

---

[56] § 101(12).

[57] § 101(5)(A).

[58] *Weinman v. Vantage Travel Servs., Inc. (In re Haimark Line, Ltd.)*, 606 B.R. 418, 422 (Bankr. D. Colo. 2019); *see also Midwest Holding #7, LLC v. Anderson (In re Tanner Family, LLC)*, 556 F.3d 1194, 1196 (11th Cir. 2009) ("A debt is 'antecedent' to the transfer sought to be avoided under § 547(b) if it is *pre-existing* or is incurred *before* the transfer."); *Warsco v. Preferred Tech. Group*, 258 F.3d 557, 569 (7th Cir. 2001) (antecedent debt "exists when a creditor has a claim against the debtor, even if the claim is unliquidated, unfixed, or contingent"); *In re Ogden*, 243 B.R. at 112 ("to determine whether the bankruptcy court correctly found that there was a debtor/creditor relationship and an antecedent debt between the Appellant and the Debtor, we must determine if the record established that the Appellant had a claim against the Debtor before the transfer").

as part of a motion to amend a complaint is based on the Rule 12(b)(6) dismissal standards, asking if the claim as plead is sufficient. The Court accepts as true the allegations made at this stage—the invoices need not be put into evidence.[59] The Court therefore concludes the Liquidating Agent adequately pleads this element in the second amended complaint.[60]

Regarding the third element ("made while the debtor was insolvent"), first, the Code clarifies that for the purpose of satisfying § 547, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."[61] The Liquidating Agent relies on that presumption in the second amended complaint.[62]

---

[59] *Broker's Choice of Amer., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's amended complaint alone is legally sufficient to state a claim for which relief may be granted." (internal quotation omitted)).

[60] *See, e.g.*, *Phoenix Corp. Recovery Servs., LLC v. Astrachan (In re Beaulieu Grp., LLC)*, No. 17-41677-BEM, 2021 WL 4469928, at *34 (Bankr. N.D. Ga. Sept. 29, 2021) (concluding allegations that each preference defendant provided goods or services to the debtor, "the nature of those goods and services, and the date and amount of the payments" were "sufficient to make it plausible that the payments were made on account of an antecedent debt and for the benefit of a creditor"); *Zucker v. Oconee Reg'l Healthcare Found., Inc. (In re Oconee Reg'l Health Sys., Inc.)*, 621 B.R. 64, 76 (Bankr. M.D. Ga. 2020) (concluding allegations the debtor was the principal obligor on bonds, the defendant was the guarantor on those bonds, the debtor made payments to the bond trustee and listed the five payments, the date of execution of the guarantee agreement which coincided with the date of the first payment were sufficient factual assertions to make plausible allegations that transfer were on account of antecedent debt).

[61] 11 U.S.C. § 547(f).

[62] Doc. 33 Ex. B. p. 11-12 ¶ 33.

Second, the definition of insolvent in § 101(32)(A) for an entity is other than a partnership or municipality is a financial condition where "the sum of such entity's debts is greater than all of such entity's property, at a fair valuation," exclusive of certain defined property not currently relevant herein. The second amended complaint not only states the Liquidating Agent analyzed Debtor's bankruptcy filings to confirm insolvency,[63] but also that "Debtor's financial condition and balance sheet during the preference period" showed that "the sum of its debts was greater than all of Debtor's property, at fair valuation" tracking the language of § 101(32)(A). The second amended complaint also states that insolvency is "further evidenced by [Debtor's] inability to pay their existing debt as they came due."[64] Defendant seizes on this "further evidence" language as insufficient for insolvency *of a corporation*, noting the definition of insolvent in § 101(32)(C) *for a municipality* is "generally not paying its debt as they become due." Defendant also argues the Schedules at filing showed assets exceeding liabilities. Again, however, the Court is not weighing the evidence at this point and deciding if insolvency is, in fact, established. The question is whether, if the Court accepts "as true all well-pleaded factual allegations in the complaint" and views them in "the light most favorable to the plaintiff,"[65] the second amended complaint is futile. At this stage, the second

---

[63] Doc. 33 Ex. B p. 8 ¶ 22.b.

[64] Doc. 33 p. 12 ¶ 34.

[65] *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

amended complaint adequately pleads insolvency[66] and the Court also does not find futility in the second amended complaint as to this element.

Finally, regarding the fifth element (the transfers enabled the creditor to receive more than it would in a Chapter 7 case if the transfers had not been made), Defendant asserts the Liquidating Agent makes only bare, conclusory allegations parroting the statute, making the second amended complaint insufficient. This final element is "often called the hypothetical liquidation test."[67] To satisfy this element, the plaintiff must show "that the transfers at issue allowed the defendant to receive more than it would have in a chapter 7 liquidation case, had the transfers had not been made and instead the creditor received payment of the debt to the extent provided by the Code."[68] "[T]o make this determination, the court must decide the transferee's creditor class and determine what distribution that class would have received if the transfer had not been made."[69] As to general unsecured creditors, "so long as the distribution to unsecured creditors in a bankruptcy case is less than 100%, any payment to an unsecured creditor during the preference period will

---

[66] *See, e.g., Zucker v. Oconee Reg'l Healthcare Found., Inc. (In re Oconee Reg'l Health Sys., Inc.)*, 621 B.R. 64, 76 (Bankr. M.D. Ga. 2020) (concluding allegations of the value of the debtors' assets on the petition date, the liabilities on that date, that the bankruptcy cases resulted in the sale of substantially all of the debtors' assets and the bulk of pre-bankruptcy creditors were not paid were sufficient to satisfy this element at the pleading stage).

[67] *Connolly v. Asbestos Abatement, Inc. (In re Iley & Assoc., Inc.)*, 606 B.R. 871, 888 (Bankr. D. Colo. 2019).

[68] *Id.*

[69] *Rocin Liquidation Est. v. Alta AH&L (In re Rocor Int'l, Inc.)*, 352 B.R. 319, 329-30 (Bankr. W.D. Okla. 2006).

enable that creditor to receive, for preference-avoidance purposes, more than it would have received in a hypothetical chapter 7 liquidation had the payment not been made."[70]

Regarding this element, the second amended complaint classifies Defendant as an unsecured creditor, states Defendant received payment in full on its debt, and then states general unsecured creditors would receive less than a 100% distribution in a traditional Chapter 7 liquidation.[71] More extensive details concerning insolvency are laid out as mentioned above. The Court concludes the second amended complaint has stated sufficient allegations to survive a Rule 12(b)(6) motion to dismiss on this element. The proposed second amended complaint is not futile.

## IV. Conclusion

Because the Court concludes there is no undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies, or futility as to the proposed second amended complaint, the Court grants the motion to

---

[70] *Id.* (internal quotations omitted). *See also In re Iley & Assoc, Inc.*, 606 B.R. at 888–89 noting this element "requires the court to construct a hypothetical Chapter 7 case; i.e., to determine what the creditor would have received in a liquidation. The hypothetical test is determined as of the petition date. Under the hypothetical test, unless unsecured creditors would receive a 100% payout, any unsecured creditor who receives a payment during the preference period is in a position to receive more than it would have received under a Chapter 7 liquidation" (internal citations and quotations omitted)).

[71] Doc. 33 Ex. B p. 12 ¶ 35.

amend under Rule 15(a)(2).[72] Because the motion to amend is granted, the motion to dismiss[73] is denied as moot, as it was directed to the amended complaint.[74] The Liquidating Agent should file her second amended complaint within ten days of the date of this Order.

**It is so ordered.**

###

[72] Doc. 33.

[73] Doc. 30.

[74] *See, e.g.*, *Saunders v. USD 353, Wellington Sch. Dist.*, No. 19-2538-DDC-TJJ, 2020 WL 3452976, at *1 (D. Kan. June 24, 2020) (citing cases for the proposition that "the filing of an amended complaint renders moot any motion directed at the original complaint").